UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD SLUSARSKI
Plaintiff

vs. : CA #

LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA GROUP INSURANCE, and ASSA ABLOY, INC. LONG-TERM DISABILITY PLAN,
Defendants

CA 08 292S

## COMPLAINT

Now comes the Plaintiff in the above entitled matter and complains as follows:

## Jurisdiction and Venue

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA), and in particular 29 U.S.C. §1132(e)(1) and §1132(f). Those provisions give the District Court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan underwritten by Life Insurance Company of North America, for the benefit of employees of Assa Abloy, Inc. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1131 which gives the District Court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. The appeal process has been exhausted.

3. On June 9, 2008, Plaintiff filed his appeal. There was no determination made within forty-five (45) days, and Plaintiff was not notified of any extension.

4. There being no determination made within forty-five (45) days, Plaintiff's appeal is deemed denied and, as such, this Court must review this matter *de novo*.

5. Venue is proper in this Court because the Plaintiff is a resident of the State of Rhode Island.

## Nature of Action

6. This is a claim seeking an award to Plaintiff of disability benefits pursuant to the policy of insurance ("Plan") underwritten by Life Insurance Company of North America to provide long term disability insurance benefits to employees of Assa Abloy, Inc. This action seeks recovery of benefits pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

## Parties

7. Plaintiff, Ronald Slusarski ("Slusarski") is a resident of the Town of Narragansett, State of Rhode Island, and was an employee of Assa Abloy, Inc.

8. Defendant, Life Insurance Company of North America ("LINA") , upon information and belief, was at all times relevant hereto an insurance company having a usual place of business located at Hartford, Connecticut.

9. Defendant CIGNA Group Insurance ("CIGNA"), upon information and belief, was at all times relevant hereto an insurance company having a usual place of business located at Philadelphia, Pennsylvania.

10. Defendant, ASSA ABLOY, INC. Long-term Disability Plan ( "ASSA"), upon information and belief, is an employee welfare benefit plan regulated by ERISA, established by Assa Abloy, Inc., under which Plaintiff was a participant and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits under.

11. At all times relevant hereto Defendants, LINA, CIGNA, and ASSA had sufficient minimum contacts within the State of Rhode Island to satisfy the requirements for subject matter jurisdiction pursuant to Rhode Island's Long Arm Statute.

12. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and as a result of his employment, Slusarski received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**Statement of Facts and Claims**

13. Plaintiff was employed as a Director of Product Development Engineering for Assa Abloy, Inc. until he became fully disabled in September, 2005 due to his degenerative and progressive spinal stenosis and related symptoms.

14. The Plan was insured (Pol. # LK 960281) and administered by one or more of the Defendants, LINA, and CIGNA.

15. Defendants LINA and CIGNA were in a structural conflict of interest as the funder and decider of claims for benefits.

would accept two appeals for any single denial, however, the request for review must include new medical information. CIGNA and/or LINA further stated that since the 180 day time period was exhausted, they would still review the claim for a second appeal if additional medical information was submitted within sixty (60) days from the date of September 13, 2007.

25. On November 9, 2007 and March 21, 2008, Mr. Slusarski, by and through his attorney, forwarded a letter to CIGNA and/or LINA advising of legal representation and requested certain documents, plan summary, procedures, etc. for review.

26. On June 9, 2008, Mr. Slusarski, through his attorney, forwarded further medical documentation, social security documents and vocational assessment to CIGNA and/or LINA for their review in regards to Mr. Slusarski's second appeal.

27. Since the onset of his disability, Mr. Slusarski has continuously met the Plan's definition of "disabled" and he has been under the continuous care of treating physicians who have regularly certified his disability.

**<u>COUNT I</u>**

**Claims under 29 U.S.C. 1132, et seq.**

28. Plaintiff hereby realleges the above allegations as though fully set forth herein.

29. The Court must review the Defendant's denial of benefits *de novo*, since no timely determination was made with respect to the last appeal and no discretion was exercised in that regard by Defendants.

30. Defendants' determination that Mr. Slusarski no longer meets the Plan's definition of "disabled" is wrong, contrary to the terms of the welfare benefit plan, was not supported by substantial evidence, and was contrary to applicable laws.

31. As a result of Defendants' refusal and failure to pay to Plaintiff disability benefits, Plaintiff is entitled to relief against Defendants to recover benefits due to him under the terms of the LTD Plan and to clarify his rights to future benefits under the LTD Plan, pursuant to 29 U.S.C. § 1132 (a).

32. As a direct and proximate result thereof, based on the evidence submitted to Defendants establishing that Mr. Slusarski has met the Plan's definition of "disability" continuously since the onset of his disability, and that he continues to meet that definition, Plaintiff is entitled to payment of monthly disability insurance benefits plus interest on all overdue payments and a waiver of premiums.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendants and that the Court order the Defendants to pay long term disability income benefits to Plaintiff in the amount equal to the contractual amount of benefits to which he is entitled.

B. That the Plaintiff be entitled to a Waiver of Premium payments (Pol. #FLX 960390) from the date of his disability and that Defendants reimburse Plaintiff for all premiums paid plus interest.

C. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment.

D. That the Court order Defendants to continue paying Plaintiff benefits until such time as he meets the policy conditions for discontinuance of benefits.

E. For such other legal or equitable relief as this Court deems just and proper, as well as attorney's fees and the costs of suit.

Plaintiff, Ronald Slusarski
By his Attorney

J Scott Kilpatrick (RUC)

J. Scott Kilpatrick, Esq. (#4036)
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903
(401) 331-6300
(401) 421-3185
Jskilpatrick@cck-law.com

Dated: August 1, 2008